## No. 5385.

### ANDRES RICHOUX vs. MAYER BROTHERS.

Whatever may be the rule at common law as to the responsibility of employers for the torts of their employees, it is not the law of this State that they are unconditionally liable in a civil suit therefor.  The employer's responsibility attaches only when he might have prevented the act which caused the damage and did not prevent it.
For the opinion on the first hearing see 29 La. Ann. 828.

APPEAL from the Fifth District Court of New Orleans.   CULLOM, J.

*Hornor & Benedict,* and *Baker* for Plaintiff Appellant.   *Grover* for Defendant.

SPENCER, J.   On application for rehearing.

The defendants both swear positively that they never authorized or knew of the arrest.

Mr. Grover their attorney swears to the same effect.   The two detectives, Pecora and Devereaux, swear that Mayer Brothers never counseled or authorized the arrest and that it was their own device.

Whatever may be the rule at common law, and in other States, as laid down by Story and others, as to the responsibility of employers for the torts of their employees, it is not the law of Louisiana that they are *unconditionally* liable in a civil suit therefor, although the employer " did not authorize, or justify, or participate in, or indeed know of the misconduct, or even if he forbade the act."

This is not the law of Louisiana, which we are charged to administer.

Art. 2299 C.C. (old No.) declares that the employer's " responsibility only attaches when they might have prevented the act which caused the damages, and have not done it," which in our opinion is a rule in consonance with equity and reason. At all events it is the law of Louisiana.

*Rehearing refused.*